IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-431-MHT-KFP |
| | ) | |
| JACK STOCKDALE DAWSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Upon consideration of the parties' Joint Motion for Protective Order (Doc. 42), it is ORDERED that the motion is GRANTED. The parties and all interested non-parties will be governed by the following provisions agreed to and submitted by the parties:[1]

This Order is entered pursuant to Rule 5.2 of the Federal Rules of Civil Procedure to protect the confidentiality of certain information and without any party waiving objection to discovery against them.

1. <u>Scope</u>. This Order applies to all proceedings in and related to the above-styled action and governs the production, disclosure, and protection of information therein. The terms of this Order shall automatically apply to any later added or joined parties.

2. <u>Definitions</u>. Terms used in this Order shall have the following meanings unless otherwise stated:

---

[1] The parties' proposed order anticipates that the Court will retain jurisdiction to enforce, modify, or make additions to this Order after this case terminates. However, the Court declines to retain jurisdiction over any disputes concerning this Order after litigation has ended and has modified the language of the proposed order accordingly.

a) "Confidential Information" means any Discovery the producing party designates as "CONFIDENTIAL." The following is a nonexclusive list of examples of information a producing party may designate as "CONFIDENTIAL" pursuant to this Order: (a) personnel information of the Plaintiff or Defendant; (b) personal or sensitive information concerning any person, party, or witness, including but not limited to personnel files, earnings, benefits and salary information, investigative memorandums, recordings, reports and files, personal diaries, and addresses or other personal identifying information; (c) proprietary trade information, patents, or trade secrets of the disclosing party; (d) federal or state records and reports; (e) any deposition testimony that includes Confidential Information and has been designated as "CONFIDENTIAL" by a Party or a Producing Party; and (f) any other documents a Producing Party in good faith designates as "CONFIDENTIAL." This Order in no way limits a Party's ability to use his own Confidential Information in any manner he deems fit during this litigation.

b) "Discovery" refers to all information, documents, things, and electronic information produced by parties or non-parties in connection with this litigation, responses to written discovery requests, deposition testimony, deposition exhibits, and trial testimony, as well as to that of all subpoena recipients who have been or are subsequently served with a subpoena in this matter.

    c)    "Transcript(s)" refers to any and all trial transcripts generated during any criminal proceeding(s) resulting from the claims and/or counterclaims asserted in the instant action.

    d)    "Party" refers to the parties to this litigation, including any later added or joined parties.

    e)    "Person" means any individual or business entity.

    f)    "Producing Party" refers to the Parties in this litigation and any non-parties who may produce information pursuant to subpoena.

    3.    <u>Law enforcement investigative reports and related investigative material</u>. In accordance with § 12-21-3.1, Ala. Code 1975, the Parties would suffer undue hardship if certain law enforcement investigative reports and related investigative material concerning the alleged incidents underlying this litigation were not produced in response to subpoenas. These materials, such as those in the possession of nonparty Troy Municipal Police Department, shall be produced and designated in accordance with this Order in response to duly issued and served subpoenas requesting production of the materials.

    4.    <u>Criminal Trial Transcripts</u>. In accordance with § 12-21-3.1(c), Ala. Code 1975, "noncriminal parties may upon proper motion and order from a court of record: [s]ecure photographs, documents and tangible evidence for examination and copying only by order of a court imposing such conditions and qualifications as may be necessary to protect a chain of custody of evidence; or protect the prosecutors', law enforcement officers', or investigators' work product; or to prevent the loss or destruction of documents, objects, or evidence." Further, "[s]uch discovery order may be issued by a court of record

upon proof by substantial evidence, that the moving party will suffer undue hardship and that the records, photographs or witnesses are unavailable from other reasonable sources." These materials, such as those in the possession of nonparty Troy Municipal Court, shall be produced and designated in accordance with this Order in response to duly issued and served subpoenas requesting production of the materials.

5. <u>Confidential Information designation</u>. If a Party or Producing Party believes in good faith that he is producing documents or other information that is Confidential Information, that Party or Producing Party shall mark said material as "CONFIDENTIAL." If a Party believes another Party or Producing Party has improperly designated information as "CONFIDENTIAL," he shall advise the designating Party and attempt to resolve the dispute in good faith. If the dispute cannot be resolved informally, the Party who designated the materials as "CONFIDENTIAL" may file a motion with the Court, along with an *in camera* copy of the disputed material, and request that the Court resolve the dispute through a telephone conference or as the Court otherwise directs. The Party claiming the information as "CONFIDENTIAL" shall have the burden of establishing that the information should be kept confidential. Promptly after entry of this Order, a Party may designate as "CONFIDENTIAL" information that, prior to the entry of this Order, has been produced to the other Party.

6. <u>Subsequent designation of information.</u> Inadvertent disclosure of Confidential Information shall not waive the confidentiality and protection otherwise attached to the Discovery. When a party did not initially designate Discovery as Confidential Information but does so in writing at a later date, each Party shall make a reasonable effort to comply with this

Order as if the Discovery was originally designated as such, retrieve any Discovery containing the later-designated Confidential Information from any Person not authorized to view or possess that Discovery, and otherwise ensure that Persons to whom the Confidential Information was disclosed will treat the Discovery as contemplated by the designation.

7. <u>Production during the pendency of designation dispute</u>. Documents shall be produced to the requesting Party during the pendency of any unresolved dispute over the "CONFIDENTIAL" designation. The receiving Party agrees to maintain the confidentiality of the disputed document(s) pursuant to the terms of this Order until the Court enters an Order determining the proper designation of the documents.

8. <u>Protection of Confidentiality</u>. Confidential Information and any notes, summaries, memoranda, exhibits, or other documents that include or describe Confidential Information shall be retained by counsel for the Party to whom disclosure of the Confidential Information was made (the "recipient party") and, except as provided in this Order, all Discovery designated as "CONFIDENTIAL" produced or discovered in this civil action shall be used by all recipient parties solely and exclusively for the presentation, prosecution, or defense of the claims, positions, and contentions in this civil action and all related proceedings therein and shall not be used or disclosed in any other civil action or for any other use or purpose. Confidential Information and any information derived therefrom shall not be disclosed except as set forth in this Order. Before disclosure, counsel shall show all Persons to whom access to Confidential Information will be given pursuant to this Order a copy of this Order and specifically advise that this Order applies to and is binding upon them.

9. <u>No disclosure</u>. Except as provided herein or upon further Order of this Court or by express written advance Order of this Court or by express written advance consent of counsel for the Producing Party furnishing the Confidential Information, counsel shall retain Confidential Information furnished in this action and shall disclose neither the existence nor substance of the information to any Person except:

    a) Counsel of record for the parties and their staffs, to the extent reasonably necessary to render professional services in this litigation;

    b) Witnesses in this case who have a legitimate need to examine or testify about the material;

    c) The Court, jurors, court personnel, court reporters, persons operating video-recording equipment at depositions, and any special master or mediator the Court appoints;

    d) Any independent document reproduction services or document records and retrieval services;

    e) Any outside expert or consultant retained by the recipient party or designating party to assist that party's counsel in preparing for the trial of this case or is expected to testify at the trial of this case;

    f) Any litigation assistant, paralegal, stenographic, secretarial, or other personnel employed by the expert or consultant to assist such expert or consultant (as defined in subparagraph (e) above) in this case;

    g) The Parties and the officers and employees of the Parties whose assistance is necessary to counsel in the prosecution or defense of this case; and

h) Such other persons mutually authorized by the Parties or by this Court's Order to receive Confidential Information.

10. <u>Confidential Information filed with the Court</u>. Any documents or depositions designated as "CONFIDENTIAL" shall not be filed publicly with the Court. Any Party wishing to file Confidential Information shall file the Confidential Information under seal with a notation that the document is confidential and subject to this Order.

11. <u>Return of Confidential Information</u>. After the conclusion of this matter as to all Parties, counsel shall maintain each confidential document as such and shall not disclose it to any other person or third party. Within 90 days after final termination of this case, the Parties must certify that they destroyed or returned to the designating party all Discovery designated as Confidential Information.

12. <u>Relief</u>. Any Party may apply to the Court for relief from this Order. The Party seeking relief shall specify which documents the opposing party designated as "CONFIDENTIAL" that he wishes to disclose outside the confines of this Order, to whom, and how the information will be disclosed.

13. <u>Survival of Order</u>. All Persons subject to the terms of this Order agree that this Order shall survive termination of the case.

<u>Modification by Agreement</u>. The terms of this Order are subject to modification, extension, or limitation upon the Parties' written mutual consent or further Order of the Court.

Done this 3rd day of July, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE